## McLEASTER v. CITY OF LAWRENCEBURG.

[No. 15,600. Filed January 26, 1938.]

*Charles A. Lowe, Lemen & Cooper* and *Arthur D. Cutler*, for appellant.

*Leyman N. Hayes* and *Estal G. Bielby*, for appellee.

KIME, J.—Appellant filed his complaint herein against the City of Lawrenceburg, Indiana, to collect salary alleged to be due him, totaling $2,100.00, under the Acts of 1921, ch. 161, p. 404. To this complaint the appellee answered in general denial. Trial was had and the court found for appellee and entered judgment that appellant take nothing by his complaint and appellee recover costs. Appellant's motion for a new trial containing the grounds that the decision of the court was not sustained by sufficient evidence and was contrary to law was overruled and this appeal followed, the error assigned being the overruling of the motion for new trial.

All the evidence was stipulated with leave retained to introduce further evidence but none was introduced upon trial and the pertinent facts are as follows: That appellant was duly elected to the office of auditor of Dearborn County, Indiana, November, 1926, and has ever since been and is now the duly elected, qualified and acting auditor of said county; that the city of Lawrenceburg is a municipal corporation of the fifth class duly organized and existing under and by virtue of the laws of the State of Indiana; that in the spring of 1927 and while serving as such auditor he made up the amount of taxable property, real and personal, from all sources and certified to the said city the net amount of such taxable property in order that said city could use said net amount of taxable property as a basis for making their rate of taxation; that after said city had fixed, determined and made its rate for 1927, the appellant as such auditor during the fall of said year computed and entered the amount of tax due from each individual and taxpayer in said city upon the tax duplicate of Dearborn County, Indiana; that after the May, 1928, installment of taxes had been paid the said auditor extended the tax of each taxpayer of Lawrenceburg in order that the county treasurer of said county could collect the fall installment of said tax; that after the collection of said tax had been made, the appellant computed the amount of the tax due said city from said tax collections and thereafter made settlement twice annually with the clerk-treasurer of said city and remitted to said city the amount of such tax so collected for and on behalf of said city; that each and all of the acts recited were performed by appellant during each and all of the years he served as county auditor, to wit: 1927, 1928, 1929, 1930, 1931, 1932, and 1933; that appellant as auditor performed all acts required of him in the way of making tax duplicates for said city and extending the city taxes

thereof upon the tax duplicate in order that the city taxes could be collected by the treasurer of Dearborn County, during all the years above mentioned; that appellant has received nothing whatever from said city by way of salary or otherwise in payment for the services rendered by him in behalf of said city since he became auditor of said county; that he presented his verified claim for $2,100.00, being at the rate of $300.00 per year for the years above set out, to the common council of Lawrenceburg; that said claim was wholly disallowed; that appellee has wholly refused and still refuses to pay to appellant any part of said salary for any of said years.

Appellant contends that under the stipulated facts the law is with him and that the finding, therefore, was contrary to law. Appellee, however, contends that the trial court took judicial knowledge of the fact that while the city of Lawrenceburg was a city of the fifth class and was the county seat of Dearborn County, Indiana, that it had, over a period of many years, an elected city treasurer and owned both its electric light and water utilities.

We are then confronted with whether or not this court can assume that the trial court did take judicial knowledge of such facts if they be facts, and that this court is bound to know that such judicial knowledge was taken by the trial court without the record disclosing such facts.

Acts of 1921, ch. 161, p. 404, provides ". . . in every city of the first, second, third, fourth, and fifth classes, which is the county seat of the county in which such city is located the county treasurer of such county shall perform all duties of city treasurer: *Provided* In cities of the fifth class which are county seats, and which own water or lighting public utilities, . . . there shall be elected a city treasurer . . .

". . . in cities of the fifth class where the county treasurer acts as city treasurer, his salary as such shall be three hundred dollars ($300) per year, which may be increased by ordinance to any sum not exceeding eight hundred dollars ($800) per year. In addition to such salary, the county treasurer shall receive five per cent of the amount of all delinquent city taxes collected by him for such city. In cities of the fourth and fifth classes, in which the county treasurer acts as city treasurer, the common council shall allow the auditor of such county for his services rendered such city, an annual compensation not to exceed three hundred dollars ($300) per year, . . ." (Acts 1921, ch. 161, §1, p. 408.)

"A party who depends upon the taking of judicial notice by the appellate court of local conditions within the judicial knowledge of the trial court should see to it that in some form that knowledge is brought into the record." American Jurisprudence, Vol. 3, §834, and cases there cited.

From the stipulations herein and the law above set out it seems that the finding should have been for the appellant, however, if the city of Lawrenceburg, while a city of the fifth class and the county seat, had an elected city treasurer and owned a water or lighting utility, all of which the trial court might have been able to judicially notice, the trial court in finding for the appellee probably reached the correct result, but in the absence of any showing in the record that the court took such judicial notice, the judgment herein is reversed with instructions to grant appellant's motion for a new trial.

Bridwell, J., Wood, J., and Dudine, P. J., concur in result.