## STATE EX REL. BROWN *v.* ST. JOSEPH CIRCUIT COURT ET AL.

[No. 28,734. Filed December 20, 1950.]

*Eli F. Seebirt, Warren E. McGill, S. J. Crumpacker, Joseph G. Ettl* and *George M. Eichler,* all of South Bend, for relatrix.

*Leo L. Cook, Edward V. Minczeski, John S. Buszkowski* and *Paul M. Butler,* all of South Bend, for respondents.

JASPER, J.—This is an original action for a writ of prohibition against respondents to prohibit them from

conducting further proceedings on a reported disagreement between members of the St. Joseph County Board of Canvassers, filed in the St. Joseph Circuit Court and entitled "In the Matter of a Disagreement Between the Members of the St. Joseph County Board of Canvassers." A temporary writ issued. The reported disagreement was filed by the respondent, Leo L. Cook, a member of the canvassing board, on November 17, 1950, pursuant to § 29-5215, Burns' 1949 Replacement, which provides as follows:

> "In case of a disagreement between the members of the county board of canvassers as to how the vote of any precinct shall be counted, the matter in dispute shall be forthwith reported by said board to the judge of the circuit court in a brief written statement setting forth the grounds of disagreement, together with all papers concerning the matter, and such judge shall summarily determine said dispute and direct how such vote shall be counted, and such determination shall be final as regards the action of said board of canvassers."

The disagreement involved the legality and counting of forty-six (46) absent voters' ballots, which the St. Joseph County Election Board had failed to deliver to the respective precincts while the polls were open on November 7, 1950. See § 29-4913, Burns' 1949 Replacement. As shown by the response of Leo L. Cook, it was agreed by the members of the election board, after 11:00 o'clock p.m., on November 7, 1950, that the envelopes in which such absent voters' ballots were carried "would be opened by the three members of the County Election Board and that they would be tabulated on the precinct tally sheets for the precinct in which each absentee ballot was supposed to have been voted." The response of said Cook further shows that on November 8, 1950, he disputed the legality of such

absent voters' ballots for the reason that the same had not been delivered to the respective precincts before the closing of the polls. The response shows that the forty-six (46) disputed ballots were tabulated for all of the offices, including that of Clerk of the St. Joseph Circuit Court; that a motion was made and seconded that a certification of the election of all candidates, including the clerk, was to be issued; that the respondent, Leo L. Cook, on November 16, 1950, joined the other two members of the board in certifying the canvassing report as to all offices, except that of clerk; and that the canvassing board then adjourned. On November 17, 1950, the report of a disagreement was filed with the St. Joseph Circuit Court.

It is understood, under § 29-5215, Burns' 1949 Replacement, that if a disagreement exists between the members of the board of canvassers as to how the vote of any precinct is to be counted, while the board is in session and performing its duties, and a report of a disagreement is filed with the circuit court, jurisdiction is conferred on the circuit court to determine the dispute. Under the last-cited statute, the minority is not controlled by the majority in case of dispute, and a member of the canvassing board may file a report of a disagreement with the court regardless of whether the other two members of the canvassing board join in submitting the report.

The principal question here presented is, did the St. Joseph County Canvassing Board perform its duties and adjourn before any disagreement was reported to the court?

It is to be noted in the petition for a writ of prohibition and the responses that the actions of the St. Joseph County Election Board and the St. Joseph County Board of Canvassers are both herein involved. It must be remembered that these two

boards are separate and distinct, and must function separately, even though they are both made up of the same persons. See § 29-5208, Burns' 1949 Replacement. The duties of a county canvassing board are separately provided for by the Legislature, and the duties are distinct and separate from those of the county election board. See § 29-5211, Burns' 1949 Replacement, for duties of county board of canvassers.[1] A county canvassing board is in existence only long enough to carry out its duties as provided by the Legislature, and once these duties are performed it becomes *functus officio*.

The duties of a county canvassing board are ministerial only. It must take the ballots and return sheets and certificates thereto as turned over to it by the precinct inspector, and from these aggregate and tabulate the vote. *Kunkle* v. *Coleman* (1910), 174 Ind. 315, 321, 92 N. E. 61. The canvassing board has no right or authority under the statute to pass on irregularities or the legality of ballots. The fact that the precinct tally sheets were tampered with or changed, or that illegal ballots were in the aggregate and tabulation, was not for the determination of the canvassing board. Questions of fraud and illegal ballots are for election contests and *quo warranto* proceedings. *Moore et al.* v. *Kessler* (1877), 59 Ind. 152, 153, 154. This court said in the last-cited case:

> "These duties and powers being only ministerial, it was improper to hear evidence touching irregularities at the election. The face of the tally papers and the certificate made by the inspectors, judges and clerks, are their guide. They can not go behind these returns. Such a power exists in contesting elections, but not in canvassing the number of votes."

[1] See § 29-3104, Burns' 1949 Replacement, for duties of county election board.

The record shows that the canvassing board performed its duties as prescribed by statute, and that certificates were issued, as shown by the minutes ██ of the board, and that it adjourned on November 16, 1950. The canvassing board therefore became *functus officio* on November 16, 1950. The certificate of election having been issued for the office of clerk, it is prima facie evidence of election, and cannot be attacked collaterally. *Hoy* v. *State ex rel.* (1907), 168 Ind. 506, 81 N. E. 509. The report of a disagreement in this case having been filed after the canvassing board was *functus officio,* no jurisdiction was conferred on the St. Joseph Circuit Court.

This court has no jurisdiction over the respondent, Leo L. Cook, either as an individual or as a member of the St. Joseph County Board of Canvassers.

The temporary writ of prohibition is made permanent as to the St. Joseph Circuit Court and Dan Pyle, Judge of the St. Joseph Circuit Court.

NOTE.—Reported in 95 N. E. 2d 632.