STATE EX REL. ALLISON *v.* CRIMINAL COURT OF MARION
COUNTY, ETC. ET AL.

[No. 29,610. Filed April 9, 1958.]

*Kivett & Kivett,* of Indianapolis, for relator.

PER CURIAM.—This original action for writ of mandate asks that respondent court be commanded to grant a change of venue from the county in a certain criminal case pending against relator in respondent court in which relator is charged with the misdemeanor of being a disorderly person.[1]

In the action before respondent court relator (defendant therein), upon filing affidavit for change of venue from the county, also filed supporting affidavits of six persons alleging defendant could not have a fair and impartial trial in Marion County, Indiana, because of the bias and prejudice against him. The State of Indiana, by the prosecuting attorney, thereafter filed four counter-affidavits denying bias and prejudice against such defendant.

---

1. Burns' §10-1511, 1956 Replacement (Cum. Supp.), being Acts of 1957, ch. 61, p. 114.

We refused to issue an alternative writ on relator's application, and respondent has not appeared to the action.

The law is settled in this state that the granting of changes of venue from the county is discretionary with the court in criminal cases, except in cases when the punishment is death. See: Burns' §9-1305, 1956 Replacement, being Acts of 1905, ch. 169, §207, p. 584; *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492.

In this case relator contends the respondent court abused its discretion in refusing to grant him a change of venue from the county and that this court should entertain an original action of mandamus to compel respondent court to grant such a change.

The remedy of mandamus, however, is an extraordinary remedy of a limited nature and cannot be resorted to to correct alleged errors of the trial court in lieu of the remedy of appeal. Original actions of prohibition and mandate in this court are expressly limited by statute to the confining of lower courts to their lawful jurisdiction and to requiring lower courts to perform duties enjoined on them by law.[2] Such emergency actions were not intended as a short-cut to the remedy of appeal.

Whether respondent court abused its discretion in refusing the change of venue depends upon the allegations of bias and prejudice made and a consideration of the six affidavits in support thereof and the four counter-affidavits to the contrary. The authorities are numerous that we cannot in an original action of mandamus review the lower court's

---

2. Burns' §3-2201, 1946 Replacement (Cum. Supp.), being Acts of 1955, ch. 253, §1, p. 647.

action in a matter in which that court in its sound discretion was permitted to act,[3] the decision being properly reviewable on appeal.

The petition for mandate is accordingly denied.

Bobbitt, J., not participating.

NOTE.—Reported in 149 N. E. 2d 114.

3. *State ex rel. Beatty* v. *Nichols, Sp. J., etc.* (1954), 233 Ind. 432, 120 N. E. 2d 407; *State ex rel. Tomlinson* v. *Jeffrey* (1952), 231 Ind. 101, 107 N. E. 2d 1.