STATE EX REL. MORITZ *v.* JACKSON CIRCUIT COURT, LEWIS, JUDGE.

[No. 30,373. Filed March 14, 1963. Rehearing denied June 4, 1963.]

*John R. Dollens,* of Scottsburg, for relator.

*Frederick R. Franklin,* of Indianapolis, for Indiana State Bar Association, Amicus Curiae.

*John M. Lewis, pro se.*

ARTERBURN, J.—The relator has filed a petition for an alternative writ of prohibition and mandate herein against the respondent judge of the Jackson Circuit Court. We issued an alternative writ requiring the respondent judge to show cause and his authority for restraining the relator, Christopher D. Moritz, from

acting as prosecuting attorney in the 40th Judicial Circuit of Indiana in connection with a criminal case then pending in the Jackson Circuit Court before respondent judge, entitled "State of Indiana v. Beatrice Oliver, No. 6656."

The defendant in the criminal case in the respondent trial court had previously filed a petition to restrain and enjoin the relator, Christopher D. Moritz, from acting as prosecuting attorney on the ground that he was not qualified to assume the duties of prosecuting attorney because he was not admitted to practice law in the State of Indiana.

The trial court and this court take judicial notice of those attorneys who have been admitted to the bar of this state. There is no dispute as to the fact that the relator, Christopher D. Moritz, is not and never has been a member of the bar of this state.

The respondent trial judge, John M. Lewis, sustained the motion prohibiting the relator from any further participation as prosecuting attorney in the criminal case. We can understand the dilemma confronting the trial judge. He chose to sustain the motion in order to avoid a claim of reversible error by the defendant, in the event this court should finally determine that the relator was not qualified as a prosecuting attorney to represent the State of Indiana in a criminal case. Even though this court should rule to the contrary and hold that the relator was entitled to participate as prosecuting attorney in said cause, still the defendant could not claim error which he had invited by the motion which he filed and urged upon the court. Thus the trial court was wisely attempting to avoid any error in the record in the event that a long and expensive trial were to take place.

The trial court filed a response in this case alleging that it had the jurisdiction, and duty to rule on the motion presented to it. We may not in this ▮ action of prohibition determine the merits of that motion. We can be concerned only with the matter of jurisdiction, namely, did the trial court act beyond its jurisdiction in ruling on the motion presented to it? In our opinion, the trial court had the jurisdiction to rule on such a motion. The mere fact that it could err in such a ruling does not deprive it of jurisdiction and, as a result, be the basis of a writ of prohibition from this court. A trial court many times in criminal cases has to rule upon constitutional questions, and, on occasions, questions relating to the competency of an attorney to represent a defendant. The court certainly has jurisdiction to rule upon such matters and we may not, by writ of prohibition, control such rulings. It is well settled that extraordinary writs of mandate and prohibition are not to be used by litigants as a substitute for other remedies or to raise questions of alleged error committed by a trial court reviewable on appeal. *State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505; *State ex rel.* v. *Brennan, Judge* (1952), 231 Ind. 492, 109 N. E. 2d 409; *State ex rel. Allison* v. *Crim. Ct. of Mar. Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114.

This court improvidently issued an alternative writ, which is now vacated and set aside and held for naught and the permanent writ is denied.

Since an emergency exists for the prompt disposition of this question, the clerk is directed to certify this opinion forthwith to the trial court.

Landis and Achor, JJ., concur; Jackson, C. J., dissents with opinion; Myers, J., dissents with opinion.

### DISSENTING OPINION

JACKSON, C. J.—I dissent from the majority opinion for several reasons. This is an original action and the only question involved is whether or not the trial court had jurisdiction to enter the order complained of. Obviously the trial court did not have jurisdiction to enter such order, and this court properly issued its temporary writ in the alternative, and is now improperly and unlawfully refusing to make the temporary writ permanent.

The relator is not only the de facto Prosecuting Attorney of the 40th Judicial Circuit of Indiana, but is the de jure officer, duly elected, qualified, commissioned and acting as such. His predecessor in office has surrendered the office to relator, and relator had entered upon and was performing the duties of his office until unlawfully restrained by the illegal act of the respondent court.

The motion of the defendant, in the criminal case filed in the respondent court, constituted a collateral attack upon the relator as a public official. In the case of an elected official, regularly commissioned and acting in his official capacity, no presumptions questioning his right to the office or his right to serve can be indulged in; consequently the respondent court had no jurisdiction to entertain the motion or to make the order here complained of.

The majority opinion will be precedent for the untenable position that a duly elected public official may be denied the right to pursue the duties of his office if, at any time and in any manner, his qualifications for office are questioned. The repercussions which such precedent may have are evident. Surely the desire of a trial judge to prevent reversible error does not out-weigh the right of a constitutional officer to con-

tinue in the duties of his office without harassment until the question of his right to the office is determined in a proper proceeding instituted for that purpose.

The net result of the majority opinion is that the incumbent Prosecuting Attorney is now prohibited by the order of the respondent court from performing any of the duties of his office in respect to the criminal case there pending in which this motion was originally filed.

The temporary writ heretofore issued should be made permanent.

## DISSENTING OPINION

MYERS, J.—I cannot agree with the majority opinion in this case, which is to the effect that the Jackson Circuit Court had jurisdiction to restrain the Relator from performing duties imposed upon him by law as the Prosecuting Attorney of that Circuit. He came into that court with the commission of the Prosecuting Attorney. He had been elected to that office on November 6, 1962, had qualified, taken the oath of office and was commissioned in proper form by the State of Indiana. His name is on the rolls of Prosecuting Attorneys of the state. His predecessor yielded the office, papers and equipment to him as of January 1, 1963.

A certificate of election which had been issued for an elective office has been held to be *prima facie* evidence of election and the matters stated therein. *State ex rel. Brown* v. *St. Joseph C. Ct.* (1950), 229 Ind. 72, 95 N. E. 2d 632; *McGuirk* v. *State ex rel.* (1930), 201 Ind. 650, 169 N. E. 521; *Hoy* v. *State* (1907), 168 Ind. 506, 81 N. E. 509. The same may be said of a commission granted to one elected as Prosecuting Attorney. The defendant in a criminal proceeding pending in the

Jackson Circuit Court where murder is charged attacked the relator's right to hold office. This is a collateral attack wherein the court acted without jurisdiction when it sustained defendant's motion to restrain relator from participating in the trial thereof. Relator was *prima facie* entitled to his office when his term commenced January 1, 1963, and had the right to exercise the functions of the office until his commission may be set aside in appropriate proceedings such as *quo warranto*. See *Hoy* v. *State, supra.*

The right to hold office is a valuable one and its exercise should not be declared prohibited or curtailed except by plain provisions of the law and by proper proceedings. It was the sovereign right of the voters of Jackson County to select their Prosecuting Attorney.

> "The responsibility for lack of capacity in officers must rest on the people who elected them." *State ex rel.* v. *Ellis* (1916), 184 Ind. 307, 321, 112 N. E. 98.

In the absence of a showing to the contrary, it will be presumed that a person elected for office has the required qualifications. 42 Am. Jur., *Public Officers,* §37, p. 908.

The writ of prohibition should be made permanent.

NOTE.—Reported in 188 N. E. 2d 530.