STATE OF INDIANA ON THE RELATION OF THOMAS C. CRAMER
v. MORGAN SUPERIOR COURT, NOBLE K. LITTELL, JUDGE.

[No. 31,074. Filed February 8, 1967.]

*Richard L. Wilder,* of Bloomington, for relator.

ARTERBURN, C. J.—The relator filed a petition for a writ of mandate to compel the trial court to grant a change of venue in a criminal case, State v. Cramer. We, on hearing, denied a temporary writ. The petitioner, nevertheless, has filed his petition and has asked us to give the matter final consideration.

The facts are these: That on the 29th day of July, 1966 the defendant in the criminal case and relator here, being arraigned upon the criminal charge of rape, pleaded not guilty and the case was assigned for trial on October 18, 1966. On October 3, 1966 the defendant personally informed the court that he had discharged his counsel and employed Mr. Wilder, his present attorney. On October 7, 1966 the defendant, through his new attorney, filed a motion for a change of venue from the judge. The court overruled this motion for the reason that it was not timely filed pursuant to the rules of this Court and was not in proper form. On October 14, 1966, defendant's attorney filed a motion for a continuance, and the cause was reassigned for trial on December 13, 1966. On November 5, 1966 the defendant filed a second affidavit and motion for a change of venue from the judge, setting out therein in more detail that the judge was biased and prejudiced against the defendant and that the defendant became aware of such prejudice in September, 1966.

It will be noted that this second petition for a change of venue was filed almost a month after the first one was filed and almost a month after the new attorney had been employed. The present attorney filed a motion again for a continuance, which was granted by the trial court, and the court set down a hearing on the second affidavit for a change of venue from the judge because of prejudice on November 18, 1966 at 10:30 a.m. At that time, the record shows, the defendant and his counsel failed to appear to be heard upon said motion, and the court thereupon overruled said motion. The relator, nevertheless, asks us to mandate the trial court to grant the second motion for a change of venue from the judge.

Both motions were filed beyond the time limitation fixed by Rule 1-12C of this Court. The second affidavit further fails to meet the requirements of that rule in that it does not show specifically why such affidavit could not have been filed more promptly and as soon as the facts upon which the alleged

prejudice was claimed came to the knowledge of the defendant.

For the reasons stated, we find the court did not err in refusing to grant the belated motions for a change of venue from the judgment, and the petition for a writ of mandate is denied.

Jackson, J., dissents.

NOTE.—Reported in 223 N. E. 2d 346.