THOMAS GIBBS *v.* STATE OF INDIANA.

[No. 570S115. Filed September 27, 1971.]

*J. Bayne Burton,* of Anderson, for appellant.

*Theodore L. Sendak,* Attorney General, *J. Frank Hanley,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.*—On July 16, 1969, appellant was charged, by affidavit, with the crime of First Degree Burglary. On August 12, 1969, appellant and his appointed counsel appeared before the court and entered a plea of not guilty to the charge of first degree burglary. On January 6, 1970, after a lengthy continuance, appellant and counsel appeared before

* This appeal was distributed to the writer of this opinion on August 24, 1971.

the court for a trial by jury. On the same day, appellant filed a Motion for Change of Venue from Madison County. The motion, omitting heading and more formal parts, reads as follows:

"1. That the undersigned is the defendant in the above captioned cause and that he verily believes he cannot receive a fair and impartial trial of said cause in the County of Madison, owing to the excitement and prejudice against the defendant in said County."

"2. Affiant further says that he could not make this affidavit for Change of Venue sooner or within the time fixed by law and the rules of court for the reason that he believed said excitement and prejudice had ceased to exist but that he has now learned that said excitement and prejudice does still exist and that he makes this affidavit in accordance with the laws of the State of Indiana."

"Wherefore, the defendant prays the court that this motion for Change of Venue from Madison County be granted."

The State objected to the Change of Venue and evidence on the motion was heard. At the conclusion of the evidence the court overruled the motion.

Trial by jury was held and appellant found guilty of first degree burglary and sentenced by the court to not less than ten [10] years nor more than twenty [20] years in the Indiana State Reformatory.

Appellant's sole contention is that the overruling of his Motion for Change of Venue was an abuse of the trial court's discretion as contended by appellant in his Motion to Correct Errors which was also overruled by the trial court.

Trial Rule 77 of the Indiana Rules of Procedure (Effective January 1, 1970) which was in effect at the time appellant filed his motion, is now contained in exactly the same form in Criminal Rule 12 of the Indiana Rules of Criminal Procedure. This rule provides that:

"In all cases where the venue of a criminal action may now be changed from the judge, such change shall be granted upon the execution and filing of an unverified application therefor by the state of Indiana or by the defendant. Upon the filing of a properly verified application, a change of venue from the county shall be granted in all cases punishable by death and may be granted in all other cases when in the court's discretion cause for such change is shown to exist after such hearing or upon such other proof as the court may require. Provided, however, that the state of Indiana or the defendant shall be entitled to only one [1] change from the judge and the defendant shall be entitled to only one [1] change from the county."

"In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided."

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial."

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten [10] days, and the ruling of the court may be reviewed only for abuse of discretion. All pleadings, papers and affidavits filed at any hearing held pursuant to this rule shall become a part of the record without further action upon the part of either party."

As stated above, the time allowed for filing the motion is ten days after a plea of not guilty. Appellant entered his plea of not guilty on August 12, 1969. His Motion for Change of

Venue was not filed with the court until January 6, 1970, four and one-half months beyond the prescribed date.

The rules also state that if the cause for change of venue becomes known after the date for timely filing, the defendant may file a verified application specifically alleging: 1) when the cause was first discovered, 2) how it was discovered, 3) the facts showing the cause for a change, and 4) why such cause could not have been discovered before by the exercise of due diligence. The court's ruling on the verified application may only be reviewed for abuse of discretion. *Brattain* v. *State* (1945), 223 Ind. 489, 61 N. E. 462.

The appellant's written motion contains none of the above required allegations. The law in Indiana for determining whether the lower court abused its discretion in refusing the change of venue can be stated in the following manner. Whether the lower court abused its discretion in refusing the change of venue depends upon the allegations of bias and prejudice made and a consideration of the affidavits in support thereof and the counter-affidavits to the contrary. *State ex rel. Allison* v. *Criminal Court of Marion County, etc., et al.* (1958), 238 Ind. 190, 149 N. E. 2d 114.

In reviewing the contention made by appellant we are unable to find any merit. Neither the motion nor the evidence presented at the hearing on the motion contains any showing that the discretion of the trial court may have been abused. The trial court acted upon its own judgment of the evidence and without a clear showing of abuse; we will not disturb the lower court's ruling.

Judgment affirmed.

All judges concur.

NOTE.—Reported in 273 N. E. 2d 280.