CURTIS NELSON *v*. STATE OF INDIANA.

[No. 471S93. Filed September 25, 1972.
Rehearing denied December 6, 1972.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of second degree murder under Acts 1905, ch. 169, § 350, as amended by Acts 1969, ch. 95, § 1, 1956 Repl. Burns Ind. Stat. Ann. § 10-3404, IC 1971, 35-1-54-1, and was sentenced to the Indiana State Prison for not less than fifteen (15) nor more than twenty-five (25) years and costs. Defendant presents three alleged errors which he submits require a reversal of his conviction:

(1) Denial of his motion for a change of venue,

(2) Denial of his motion for a directed verdict at the close of the State's evidence, and

(3) Insufficiency of the evidence in that the defendant presented evidence of self defense which was unrebutted by the State.

(1) Defendant pleaded no guilty on July 1, 1970, and his motion for a change of venue was filed belatedly on December 14, 1970, the morning for which the case was set for trial. Criminal Rule 12 relating to change of venue in criminal cases reads in relevant part:

"* * * In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

"An application for a change of judge or change of venue from the county shall be filed within ten [10] days after a plea of not guilty, or if a date less than ten [10] days from the date of said plea, the case is set for trial, the application shall be filed within five [5] days after setting the case for trial. Provided, that where a cause is remanded for a new trial by the Supreme Court, such application must be filed not later than ten [10] days after the party has knowledge that the cause is ready to be set for trial.

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. * * *."

In his verified application for change of venue, the defendant merely alleged that he could not receive a fair trial in Marion County. In support of his contention he testified that he had received threatening phone calls and that articles about him had appeared in a local newspaper. Defendant did not, however, include in his application any of the specific information required by the rule in instances of belated filing. In the case of *Gibbs* v. *State* (1971), 257 Ind. 187, 273 N. E. 2d 280, this Court was confronted with a nearly indentical situation. As in the case at bar, the appellant there failed to set out the information required in Trial Rule 77 which was then in effect for criminal cases and which is identical to Criminal Rule 12. In affirming the trial court's denied of a belated motion for a change of venue the Court said:

"The rules also state that if the cause for change of venue becomes known after the date for timely filing, the defendant may file a verified application specifically alleging: 1) when the cause was first discovered, 2) how it was discovered, 3) the facts showing the cause for a change, and 4) why such cause could not have been discovered before by the exercise of due diligence. The court's ruling on the verified application may only be reviewed for abuse of discretion. Brattain v. State (1945), 223 Ind. 489, 61 N. E. 2d 462.

The appellant's written motion contains none of the above required allegations. The law in Indiana for determining whether the lower court abused its discretion in refusing the change of venue can be stated in the following manner. Whether the lower court abused its discretion in refusing the change of venue depends upon the allegations of bias and prejudice made and a consideration of the affidavits in support thereof and the counter-affidavits to the contrary. State ex rel. Allison v. Criminal Court of Marion County etc., et al. (1958), 238 Ind. 190, 149 N. E. 2d 114.

In reviewing the contention made by appellant we are unable to find any merit. Neither the motion nor the evidence presented at the hearing on the motion contains any showing that the discretion of the trial court may have been abused. The trial court acted upon its own judgment of the evidence and without a clear showing of abuse; we will not disturb the lower court's ruling." 273 N. E. 2d at 281-82.

Defendant had an absolute right to a change from the county, inasmuch as he stood charged with first degree murder, but when he failed to file within the time prescribed, his right to the change was subject to the rules relative to belated filing. Not only did his motion fail to disclose any reason for the late filing, but the evidence failed to show any valid basis for the change.

(2) A directed verdict of acquittal can only be given when there is a total lack of evidence on some essential issue, or where there is no conflict in the evidence and it is susceptible of but one inference, and that inference is in favor of the accused. *Bash* v. *State* (1970), 254 Ind. 671, 262 N. E. 2d 386; *Hardin* v. *State* (1964), 246 Ind. 23,

201 N. E. 2d 333; *Warren* v. *State* (1963), 243 Ind. 508, 188 N. E. 2d 108; *State* v. *Patsel* (1960), 240 Ind. 240, 163 N. E. 2d 602.

The record presents nothing more than conflicting evidence. The State introduced eyewitnesses who testified they saw the defendant shoot the deceased, Echols. There was also evidence that the defendant fled the scene and that later, when apprehended, he led an officer to a gun and some cartridges. Although the defendant questions the testimony of the physician who performed the autopsy, the evidence was sufficient to withstand a motion for a directed verdict without it.

(3) At the trial the defendant admitted shooting the deceased but claimed that he did so in self defense. The defendant one Darlene Wakefield testified that the deceased had a knife when he approached the defendant, but other witnesses testified that he had none and that he had made no threatening gestures towards the defendant. Although the State was required to prove the absence of self defense, *Banks* v. *State* (1971), 257 Ind. 530, 276 N. E. 2d 155; *Dorak* v. *State* (1915), 183 Ind. 622, 109 N. E. 771, this burden was carried by its evidence in chief. There was ample evidence in chief that the defendant was the aggressor and did not, at any time, have any basis to believe that he was in danger of death or bodily harm. Although the defendant introduced evidence of self defense, the State was not required to rebut it, but could rely upon the sufficiency of its evidence in chief where it was opposed to the defendant's evidence upon the issue. Under such circumstances, the question is for the jury. *Banks* v. *State, supra; Robinson* v. *State* (1962), 243 Ind. 192, 184 N. E. 2d 16.

The evidence and inferences to be reasonably drawn therefrom were in conflict upon the issue of self defense. Quite obviously the jury chose not to believe the defendant's story, and it was within their province to do so.

The judgment of the trial court is affirmed.

Arterburn, C.J., DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 287 N. E. 2d 336.