**Buford Ray LIPPS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 480S115.**

Supreme Court of Indiana.

Dec. 3, 1981.

Susan Carpenter, Public Defender, James G. Holland, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted of inflicting physical injury while attempting robbery. On direct appeal this Court affirmed. *Lipps v. State*, (1970) 254 Ind. 141, 258 N.E.2d 622. This appeal from the denial of post conviction relief presents the following issues:

(1) Whether the court erred, at the criminal trial, in failing to hold a hearing on Petitioner's motion for a change of venue.

(2) Whether Petitioner was denied the effective assistance of counsel at the criminal trial.

\* \* \*

ISSUE I

Petitioner contends that a letter [1] which

---

1. The body of the letter reads as follows:

"I am slated for a jury trial in your court on the date of December 12, 1966.

"My attorney for defence at this time, is public defender, James Nedeff. I wish to have him withdrawn from my case, as there is possible conflict between defendants, of which he represents two. In replace of Mr. Nedeff, I wish to represent myself, as my own defence council.

"So doing, I at this time petition the court (Marion County Criminal Court, Div. # 2), Honorable Judge Saul I. Rabb residing, to set forth a date (at the courts convience) prior to December 12, 1966 a hearing for 'change of venue.'

he had sent to the criminal trial judge constituted a motion for a change of venue under Supreme Court Rule 1–12C (Ind.R. Crim.P. 12, in pertinent part):

"In any criminal action, no change of judge or change of venue from the county shall be granted except within the time herein provided.

"An application for a change of judge or change of venue from the county shall be filed within ten (10) days after a plea of not guilty or if a date less than ten (10) days from the date of said plea, the case is set for trial, the application shall be filed within five (5) days after setting the case for trial. * * *

"Provided, however, that if the applicant first obtains knowledge of the cause for change of venue from the judge or from the county after the time above limited, he may file the application, which shall be verified by the party himself specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. * * *."

Petitioner argues that the criminal trial court's failure to hold a hearing, which would have determined whether he had been diligent and whether grounds had existed for the change of venue, was an abuse of discretion under *Hanrahan v. State*, (1968) 251 Ind. 325, 333–34, 241 N.E.2d 143, 147–48. In *Hanrahan* we held that the trial court abused its discretion when it refused to hold an evidentiary hearing upon a timely filed application for change of venue. Petitioner acknowledges that his letter was not timely filed; however, that in and of itself did not preclude a request for a change of venue. The rule contemplated that Petitioner himself could apply for a change of venue; however, such application required allegations of when the cause for

"At this date, set aside by the court, I will, as my own defence attorney, present to the court my evidence for the defence, showing just and legal cause why a 'change of venue' should be granted.

change of venue was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Petitioner's letter to the trial court was grossly inadequate in these respects. *Epps v. State*, (1977) 267 Ind. 177, 179, 369 N.E.2d 404, 406; *Nelson v. State*, (1972) 259 Ind. 339, 342, 287 N.E.2d 336, 338; *State ex rel. Cramer v. Morgan Superior Court*, (1967) 248 Ind. 90, 223 N.E.2d 346.

At the post conviction trial Petitioner testified as follows:

"Q. Would you indicate to Judge Brewer why you wanted a change of venue from the county?

"A. Because there'd been all kinds of publicity on the case and it had been all blowed up in the newspaper and everything, and they was following it all the way up, and there's a lot of people here in Marion County and everything that was personally involved in it, you know. It was, uh, at that time it was a big joke, you know, about I knowed somebody that was, you know, or I was kin to somebody that was, and uh, I just, I didn't have no faith that I could ever get a trial here fair.

"Q. What were the nature of the allegations that got so much publicity to your case when it happened?

"A. Policeman being shot and, uh, I can only come up . . .

"Q. Was that the main thing . . .

"A. . . . with what I'd heard, was that Judge Rabb was supposed to've been related to somebody that was actually in there, you know.

"Q. But, the main thing that got publicity was due to a police officer supposedly being shot?

"Let the Court Records show, that up to date of Receiving this letter (petition) Marion County Criminal Court, Div. # 2, was petitioned for a hearing of 'Change of Venue' for defendant, Buford Ray Lipps by his defence attorney, (self) Buford R. Lipps."

"A.  Yeah, more than one."

■ In post conviction proceedings the petitioner bears the burden of proving his contentions by a preponderance of the evidence. *Lamb v. State*, (1975) 263 Ind. 137, 143, 325 N.E.2d 180, 183. The trial judge, as trier of the facts, is the sole judge of the weight of the evidence and the credibility of the witnesses. *Rufer v. State*, (1980) Ind., 413 N.E.2d 880, 882. Defendant stands in the position of one appealing from a negative judgment. In such cases, it is only where the evidence is without conflict and leads to but one conclusion, and the trial court has reached an opposite conclusion, that the decision will be disturbed as being contrary to law. *Walker v. State*, (1978) 267 Ind. 649, 651, 372 N.E.2d 739, 740.

■ Petitioner was one of two witnesses who testified in support of the petition for post conviction relief.[2] The post conviction judge was not obligated to believe his self-serving testimony, and Petitioner presented nothing else, which supported entitlement to a change of venue. *See Pruitt v. State*, (1978) 269 Ind. 559, 563, 382 N.E.2d 150, 153 (on direct appeal Defendant's testimony, which asserted that he could not receive a fair trial from the judge, held insufficient to show cause for a change of venue).

### ISSUE II

Petitioner contends that he had been denied his constitutional right to the effective assistance of counsel in that his trial attorney, 1) failed to engage in any meaningful pretrial discovery, 2) failed to seek a change of venue, and 3) failed to object to an erroneous and prejudicial instruction.

#### 1.

Petitioner contends the following:

"Lipps was convicted primarily on the testimony of his co-defendant, Jarel Haines. Haines was scheduled to be tried with Appellant on December 12, 1966, but on that date moved for and was granted a separate trial because he was to be called as a witness for the State (T.R. 32). At that point Lipps' counsel should have moved for a continuance of the trial in order to depose Haines. Haines' testimony was crucial to the State, and it is ludicrous to assume that Lipps could be effectively represented at trial if his counsel were unprepared to effectively cross-examine the State's chief witness. (citation omitted)."

■ Failure to conduct discovery is a tactical matter. The record does not show how Petitioner was hampered in his cross examination of Haines. *Rodgers v. State*, (1981) Ind., 415 N.E.2d 57, 59.

#### 2.

■ Petitioner's contentions concerning the change of venue have been hereinbefore treated at length. We add that he did not show to the trial court that counsel's alleged inadequacy in failing to request a change of venue is based upon anything more substantive than hindsight. We have often held that defense counsel's representation may not be deemed inadequate merely because it appears, in retrospect, that counsel engaged in an isolated instance(s) of poor strategy. *Leaver v. State*, (1981) Ind., 414 N.E.2d 959, 961 (cases cited therein).

#### 3.

■ At the criminal trial, the court gave the following instruction, without objection:

"Under the laws of the State of Indiana, an accomplice is competent as a witness for the State in the trial of a criminal case. The evidence of an accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the jury to carefully scrutinize the testimony of the accomplice; and, if his or her testimony should be found sufficiently satisfactory *to establish the guilt of the defendant beyond a reasonable doubt*, the jury may return a verdict of guilty on his or her testimony alone." (emphasis added).

2. The other witness testified about her attempt to serve a subpoena upon the court reporter, who transcribed the criminal trial.

 

Petitioner now contends that trial counsel should have objected, because the instruction is prejudicial under *Todd v. State*, (1951) 229 Ind. 664, 101 N.E.2d 45. In *Todd* we ordered a new trial where the trial court had given the following instruction:

> "'An accomplice is one, who with criminal intent, acts with others and participates in the commission of a crime. Under the laws of the State of Indiana, an accomplice is competent as a witness for the state in a trial of a criminal case. The evidence of the accomplice is to be received and weighed by the jury in the same manner and according to the same rules as the evidence of any other witness. It is the duty of the court and the jury to carefully scrutinize the testimony of an accomplice; and, if her testimony should be found sufficiently satisfactory to the jury, they may return a verdict of guilty on her testimony alone.'" 229 Ind. at 669–70, 101 N.E.2d at 47.

We noted our objection to the instruction as follows:

> "State's instruction No. 7 did not define what was intended by the words 'if her testimony should be found sufficiently satisfactory to the jury,' and the jury could easily have had the impression that a conviction would be authorized on the uncorroborated testimony of an accomplice even though such testimony did not convince the jury of appellant's guilt beyond a reasonable doubt. The instruction purported to be complete on the subject of accomplices, and its giving to the jury was prejudicial error." 229 N.E.2d at 672, 101 N.E.2d at 48.

The emphasized words added to the instruction given in this case meet the objection set forth in *Todd*, and we do not believe that it was error to give this instruction in 1966, the year of Petitioner's trial. Since that time, we have disapproved instructions which tend to emphasize or highlight, unnecessarily, particular evidence or testimony and, thereby, amounted to a comment upon the weight to be given such testimony. *Wallace v. State*, (1981) Ind., 426 N.E.2d 34. *Morgan v. State*, (1981)

Ind., 419 N.E.2d 964, 968; *Murphy v. State*, (1977) 267 Ind. 184, 196, 369 N.E.2d 411, 417.

Petitioner has not shown that he was denied his constitutional right to the effective assistance of counsel.

The record sustains the findings of the trial court, and its judgment is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.