The **CITY OF HAMMOND, Indiana, an Indiana Municipal Corporation, Appellant (Defendant/Counter–Plaintiff Below),**

v.

**Michael E. DOODY, d/b/a Flower Express, Appellee (Plaintiff/Counter–Defendant Below).**

No. 45A03–8904–CV–144.

Court of Appeals of Indiana, Third District.

April 26, 1990.

Richard P. Komyatte, Komyatte & Freeland, P.C., Highland, Joseph O'Connor, Asst. City Atty., Hammond, for appellant.

Robert M. Karton, Robert M. Karton, Ltd., Chicago, Ill., David M. Hamacher, Ruman, Clements & Tobin, P.C., Hammond, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant City of Hammond, Indiana appeals the trial court's judgment permanently enjoining the City of Hammond from enforcement of Ordinance 6045 against Michael E. Doody, d/b/a Flower Express.

The facts relevant to this appeal disclose that on April 28, 1987, the City of Hammond enacted Ordinance 6045 prohibiting outdoor retail sales in commercially zoned districts. Doody, who has an outdoor flower sales business, challenged the ordinance by filing a complaint in Lake Circuit Court. He alleged in his complaint that the ordinance was unconstitutional and that the prior operation of his business constituted a lawful nonconforming use.

On July 20, 1987, Doody's motion for preliminary injunction was denied. On July 25, 1988, a hearing was held on Doody's complaint for permanent injunction and on the City of Hammond's counter-claim for permanent injunction. The trial court rendered its judgment on October 25, 1988 enjoining the City of Hammond from enforcement of Ordinance 6045 against Doody and declaring Doody to have a valid nonconforming use.

On December 12, 1988, the City filed a motion to correct errors claiming, in part, that Doody's trial counsel, Robert Berger, and the trial court's law clerk, Harolyn Goldenberg, had filed suit against the City in a separate action in the United States District Court on October 17, 1988. The City asked that the judgment and order of October 25, 1988 be set aside because it was tainted by bias and prejudice due to this interaction of Doody's trial counsel and the trial court's law clerk prior to the court's judgment being rendered. The mo-

tion was denied by the trial court and this appeal ensued.

One issue is dispositive of this appeal:[1] whether the trial judge should have recused or disqualified himself based upon the City's allegation that the attorney, who associated herself with plaintiff's counsel in a separate lawsuit against the City at least eight days before the trial court's judgment against the City, was the judge's law clerk.

Appellant asks this Court to take judicial notice that Harolyn Goldenberg was a law clerk for the trial court prior to the trial court's judgment being rendered October 25, 1988. Then, based on this judicial notice, appellant requests this Court to reverse and vacate the trial court's judgment upon the finding that Goldenberg's conduct violated the Canons of Judicial Conduct which required the trial judge's recusal or disqualification from the case.

Appellant argues that Canons 2 and 3 of the Code of Judicial Conduct mandate that a judge should avoid the appearance of impropriety in all his activities and that a judge should perform the duties of his offices impartially which would require a judge to disqualify himself in a proceeding in which his impartiality might be reasonably be questioned. This is true. However the flaw in appellant's argument is that no evidence was ever presented that Harolyn Goldenberg was a law clerk for the trial court. The appellant is asking this Court to take judicial notice of a fact based merely upon appellant's allegation.

Appellant claims that Harolyn Goldenberg's association with Doody's trial counsel was not discovered until two days after judgment had been rendered by the trial court so that it was impossible to have raised this issue at trial. However appellant did raise this issue in its motion to correct error but neglected to support its allegation with any evidence. The Indiana Rules of Trial Procedure provide that when a motion to correct error is based upon

---

1. Appellant raised three other issues for review in its brief. However these issues were waived by appellant at oral argument on February 23, 1990.

evidence outside the record, the motion shall be supported by affidavits showing the truth of the grounds set out in the motion. Ind. Trial Rule 59(H)(1). No affidavits were filed by the appellant.

Since no evidence was provided of Goldenberg's employment as a law clerk, appellant asks this Court to take judicial notice of this fact. Judicial notice "means that the court will bring to its aid, without proof or evidence of the facts, its knowledge of the existence or nonexistence of ... facts." *Glover v. Ottinger* (1980), Ind. App., 400 N.E.2d 1212, 1214. Facts that are judicially noted must be generally known or capable of accurate determination by resort to sources whose accuracy cannot reasonably be questioned. *Stewart v. Stewart* (1988), Ind.App., 521 N.E.2d 956, 959, n. 2.

Courts have routinely taken judicial notice of commonly known facts such as the location of county seats, *Fitch v. City of Lawrenceburg* (1938), 104 Ind.App. 704, 12 N.E.2d 391; the powers and duties of public bodies or public officers, *State ex rel. Minniear v. Eckman* (1933), 205 Ind. 550, 187 N.E. 327, *Dailey v. State* (1909), 171 Ind. 646, 87 N.E. 4; attorneys admitted to the bar, *State ex rel. Moritz v. Jackson Circuit Ct.* (1963), 244 Ind. 54, 188 N.E.2d 530; Indiana statutes, *Corey v. Smith; Case* (1954), 233 Ind. 452, 120 N.E.2d 410, Indiana's Constitution and case law, *State ex rel. McGonigle v. Madison Circuit Ct.* (1963), 244 Ind. 403, 193 N.E.2d 242, congressional committee reports, *Kavanagh v. Butorac* (1966), 140 Ind.App. 139, 221 N.E.2d 824, historical facts, *Welbourn v. Peoples Loan & Trust Co.* (1972), 152 Ind. App. 337, 283 N.E.2d 544, the computation of time, *State ex rel. 11th Dist., etc. v. Circuit Court* (1960), 240 Ind. 581, 167 N.E.2d 468.

However, judicial notice is used cautiously and only when the facts judicially noted cannot reasonably be disputed. *Stewart, supra.* Judicial notice cannot be used by the appellant to fill the gaps in evidence in his case. *Stewart, supra.*

It is better practice to bring into evidence those facts that a party desires the court to judicially notice. The court has held that documents or exhibits that a party wants the court to judicially notice must be offered and brought to the attention of the trier. *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55, 60. Likewise, the court has stated that a party who depends upon the taking of judicial notice by the appellate court of local conditions within the judicial knowledge of the trial court should see that such knowledge is brought into the record. *McLeaster v. City of Lawrenceburg* (1938), 104 Ind.App. 572, 12 N.E.2d 389. Municipal ordinances and the rules of inferior courts are regarded as areas outside the knowledge of the supreme and appellate courts and are always subject to proof. *Maish v. Town of Schererville* (1985), Ind.App., 486 N.E.2d 1; *State ex rel. Rose v. Hoffman* (1949), 227 Ind. 256, 85 N.E.2d 486.

Whether Harolyn Goldenberg was a law clerk for the trial judge while this case was being decided is a fact within the knowledge of the trial judge. It is a fact that appellant should have brought into the record but did not. So appellant asks this Court to take judicial notice of this fact to provide the necessary evidence lacking in appellant's case. This we will not do.

Affirmed.

GARRARD, J., concurs in result;

STATON, J., concurs in result with opinion.

STATON, Judge, concurring in result.

I concur in result since the integrity of the judicial process has been called into question. When a motion to correct errors contains an allegation which cast a shadow upon the integrity of the judge and his judgment, a response is called for from the judge. Here, there was none. Paragraph eight of the motion to correct errors indicated that the law clerk of the Judge had engaged in litigation which would cause the Judge to violate Canons 2 and 3 of the Code of Judicial Conduct—an appearance of impropriety. The Majority has taken

the position that no response from the judge and no affidavit with the motion to correct errors leaves this Court no alternative but to affirm. This Court must base its decision upon the record. In this case, none exist which would support the allegation.

I would *sua sponte* require the trial judge to state whether Goldenberg was his law clerk when the judgment was prepared and whether the law clerk participated in any way with the preparation of the judgment. More is at stake here than the merits of the appeal.