**David Allen LUCK, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 383S80.

Supreme Court of Indiana.

Aug. 9, 1984.

Stephen Goot, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Jay R. Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Following trial by jury, in which two causes of action were consolidated, Defendant (Appellant) was convicted of Burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979) in Cause 2CR–222–1281–902

and of two counts of Burglary in Cause 2CR–227–1281–919. He was sentenced to three concurrent twelve year terms of imprisonment. His consolidated direct appeal raises one issue for our review: whether the trial court erred in denying his *pro se* motions to discharge counsel and to appoint new counsel.

The facts relevant to the issue presented are these: A public defender was appointed to represent Defendant in Cause 902 on December 17, 1981. The same public defender was appointed on December 31, 1981 to represent Defendant in Cause 919. After various motions were made and continuances granted, on April 12, 1982, the trial was scheduled for October 25, 1982.

On October 5, 1982, the clerk filed Defendant's letter to the court which requested that the trial judge release his court appointed public defender from his case, arguing that he, the Defendant, was coerced into signing a plea agreement and that his trial counsel did not have his best interests at heart and was, therefore, not providing adequate representation. On October 8, 1982, the clerk filed with the court a second letter from Defendant which merely enclosed a copy of the first letter and an advisement that he had had no response. On the same date, the clerk also filed another letter from Defendant dated October 6th advising the court that he had been advised by his attorney that the court would deny his previous request and requested an appeal of such issue. On the same day, the court denied the request to release counsel, denied Defendant's request to appeal, and denied the request to appoint appellate counsel.

On October 15, 1982, Defendant, *pro se*, filed a pleading entitled "Writ of Habeas Corpus Atestafacona" (sic) requesting a hearing on his request for removal of counsel and a *pro se* motion entitled "Motion for Removal of Counsel." On October 19, 1982, a hearing was held on those motions, and the court made the following entry:

"Comes now the State of Indiana, by its Prosecuting Attorney, by Deputy Prosecutor, Daniel Bella, and comes also the Defendant, David Allen Luck, in his own proper person and by Counsel, David Schneider, in open court, and this cause is submitted on the Defendant's pro se Motion for Replacement of Counsel.

"The defendant is given the opportunity to present evidence and does not do so, therefore, this Motion is now denied by the Court."

Defendant now argues that the trial court erred in denying his requests and motions to discharge his court appointed public defender which, in effect, forced counsel upon him over his timely protest. We do not agree.

Although a defendant has an absolute right to be represented by counsel, an indigent defendant does not have an absolute right to counsel of his own choosing. *Alexander v. State*, (1983) Ind., 449 N.E.2d 1068, 1071; *Harris v. State*, (1981) Ind., 427 N.E.2d 658, 660; *Duncan v. State*, (1980) Ind., 412 N.E.2d 770, 773. A trial court may, in the exercise of its sound discretion, deny a defendant's request for a new court appointed attorney. Such ruling is reviewable only for an abuse of discretion. *Houze v. State*, (1982) Ind., 441 N.E.2d 1369, 1371; *Duncan v. State*, 412 N.E.2d at 773. If a defendant refuses to be represented by his court appointed counsel, he must "find some method to employ his own counsel or proceed in *propria persona*. The defendant may not arbitrarily compel a trial court to discharge competent appointed counsel." *State v. Irvin*, (1973) 259 Ind. 610, 616, 291 N.E.2d 70, 74. (citations omitted).

In the case at bar, Defendant waited until three weeks before the trial date, which had been scheduled six months earlier, to express his dissatisfaction with his court appointed attorney. We have several times reiterated our approval of the denial of a defendant's motion to replace counsel during or immediately before trial. *See, e.g., Vacendak v. State*, (1982) Ind., 431 N.E.2d 100, 105; *Harris v. State*, 427 N.E.2d at 660. In addition, when presented

with the opportunity to detail his discontent with his attorney, he chose to present no evidence. On appeal, he has made no claim or showing of harm, and his failure to show how his substantial rights were prejudiced by the court's ruling precludes a reversal. *See Vacendak v. State,* 431 N.E.2d at 105; *Swinehart v. State,* (1978) 268 Ind. 460, 466, 376 N.E.2d 486, 491.

We hold that the trial court did not abuse its discretion when it denied Defendant's various motions for release of his appointed counsel and for appointment of new counsel.

We find no reversible error. The judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PIVARNIK, JJ., concur.