James R. FINK, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–783A228.

Court of Appeals of Indiana,
Fourth District.

Oct. 15, 1984.

Barry D. Sherman, Hammond, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Defendant-Appellant James Fink appeals his conviction by jury of criminal confinement, a Class B felony, alleging that the trial court erred in denying his motion for discharge pursuant to Ind.Rules of Procedure, Criminal Rule 4, and in refusing his request to change counsel prior to trial.

The evidence at trial indicated that on August 6, 1982, defendant forcibly entered the victim's apartment and held her at knife-point. The defendant fled when a friend of the victim appeared on the scene. Fink was arrested on August 26, 1982, and charged with burglary as a Class B felony under IND.CODE 35-43-2-1. On November 4, he filed a *pro se* motion for speedy trial by jury. The judge granted this motion and rescheduled the trial for November 15.

On the date set for trial, the prosecutor dismissed the burglary charge and simultaneously refiled the charge as criminal confinement, also a Class B felony under IND. CODE 35-42-3-3. The prosecuting attorney in moving for dismissal of the burglary charge acknowledged that the same incident underlay both charges, stating, "The same crime has been refiled as a charge of criminal confinement ... under a different cause number." A new trial date was then set for April 18, 1983.

The defendant, continually incarcerated from the time of his arrest, interposed another speedy trial motion on February 16, 1983. On March 3, he made a motion for discharge under C.R. 4(B), which the judge denied.

Fink assails his subsequent conviction on grounds that he was entitled to discharge pursuant to C.R. 4. He first argues that the trial court should have discharged him under C.R. 4(A), which provides in relevant part:

No defendant shall be detained in jail on a charge, without a trial, for a period in aggregate embracing more than six (6) months from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge (whichever is later); except where a continuance was had on his motion, or the delay was caused by his act, or where there was not sufficient time to try him during such period because of congestion of the court calendar; provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall make such statement in a motion for continuance.... Any defendant so detained shall be released on his own recognizance at the conclusion of the six-month period aforesaid and may be held to answer a criminal charge against him within the limitations provided for in subsection (C) of this rule.

The defendant in this case was incarcerated for almost eight months prior to commencement of his trial on April 18, 1983, with no delays in the proceedings attributable to the defense. Although Fink was entitled to release on recognizance at the expiration of the six-month period, he raised no objection under this provision to his continued incarceration. His sole remedy under C.R. 4(A), moreover, is release on recognizance pending trial and not discharge following conviction. *Collins v. State,* (1977) 266 Ind. 430, 364 N.E.2d 750; *Lewis v. State,* (1976) 264 Ind. 288, 342 N.E.2d 859.

Appellant next contends that the trial court erred in denying his motion for discharge under C.R. 4(B)(1), which provides:

If the defendant held in jail on an indictment or an affidavit shall move for an early trial, he shall be discharged if not brought to trial within seventy (70) calendar days from the date of such motion, except where a continuance within said period is had on his motion, or the delay is otherwise caused by his act, or where there was not sufficient time to try him during such seventy (70) calendar days because of the congestion of the court calendar. Provided, however, that in the last-mentioned circumstance, the prosecuting attorney shall file a timely motion for continuance as set forth in subdivision (A) of this rule.

His original speedy trial motion having been granted, Fink was nonetheless compelled to await trial for 166 days following this motion, a delay occasioned by the State's dismissal of one charge and refiling of another based on the same criminal conduct. The defendant was held continuously under one affidavit of probable cause, and the criminal confinement charge represented the underlying felony of the earlier burglary charge.

We can only view the state's dismissal and simultaneous refiling of such related charges as one continuous prosecution. This analysis comports with the statutory language regarding defendant's detention "on an indictment or an affidavit," as well as with Indiana decisions discussing the posture of factually-related offenses for purposes of C.R. 4. Our courts have held that not only are lesser included offenses barred by the defendant's discharge pursuant to C.R. 4, *Small v. State,* (1972) 259 Ind. 349, 287 N.E.2d 334, but also that charges based on the same criminal acts or arising out of the same set of facts may not be prosecuted following dismissal of the related offense for failure to comply with the requirements of C.R. 4. *State v. Tharp,* (1980) Ind.App., 406 N.E.2d 1242 (prosecution for conspiracy barred by dismissal of substantive offense); *Pillars v. State,* (1979) 180 Ind.App. 679, 390 N.E.2d 679 (charges based on same criminal acts must all be prosecuted within one-year requirement of C.R. 4(C)). Although these cases arise under C.R. 4(C), we find their rationale equally applicable here and hold that an incarcerated defendant's invocation of the speedy trial rule may not be defeated by the simultaneous dismissal and refiling of related charges.

We would distinguish the situation here from that addressed in *Shields v. State,* (1983) Ind.App., 456 N.E.2d 1033, in which identical charges were dismissed and two

months later refiled, so that the defendant was tried more than 70 days following his initial speedy trial motion. The court there held that the defendant was required to file a new motion for speedy trial under the subsequent information. The cases upon which *Shields* primarily relies, however, *Parks v. State*, (1979) 270 Ind. 689, 389 N.E.2d 286, and *Cody v. State*, (1972) 259 Ind. 570, 290 N.E.2d 38, *cert. den.*, (1974) 416 U.S. 960, 94 S.Ct. 1978, 40 L.Ed.2d 311, hold only that delay of trial occasioned by the *defendant's* actions necessitate renewal of the speedy trial motion under C.R. 4(B). Entirely different considerations come into play where the *state* acts to delay trial in the face of an incarcerated defendant's demand for speedy trial. The court in *Shields* observes merely that every dismissal does not result in a per se violation of speedy trial rights; we find such a violation under the instant circumstances.

The decision in *Shields* reflects an understandable concern that defendants not be able to elude prosecution in cases where the state unavoidably must delay trial, e.g. to secure the attendance of a missing witness. This concern is similarly addressed by C.R. 4(D). In such instances, the state may justifiably dismiss and later refile charges without undue prejudice to the speedy trial rights of the defendant, who is released from detention in the interim. In the present case, however, the simultaneous dismissal and filing of related charges indicates a delay caused solely by the state's failure to charge the defendant properly. The defendant remains continually incarcerated in contravention of his statutory right to be tried within 70 days upon motion. In this situation, the state must bear the responsibility for filing the appropriate charge and prosecuting the case in a timely manner. Otherwise, if the state may at any time within the year prescribed by C.R. 4(C) abrogate the defendant's speedy trial motion simply by dismissing and refiling identical or related charges, we fail to discern the value of C.R. 4(B).

■ Although we conclude that under these circumstances the defendant's speedy trial motion relates back to the original charge and need not have been renewed under the subsequent confinement charge, we find nonetheless that the defendant has waived his right to a speedy trial under C.R. 4(B) by failure to object to the setting of a trial date beyond the 70-day period. That period commenced with Fink's November 4, 1982, motion for speedy trial and expired on January 12, 1983. On the latter date, the court rescheduled trial for April 18, 1983, to which the defendant did not object until his motion for discharge on March 3, 1983.

■ Our decisions under C.R. 4(B) require that the defendant raise an objection upon learning within the statutory period that a trial date has been set beyond the time period prescribed by the rule. *Graham v. State*, (1979) 271 Ind. 486, 393 N.E.2d 764, *Buchanan v. State*, (1975) 263 Ind. 360, 332 N.E.2d 213. A defendant who acquires knowledge of such a setting and yet fails to object during the time period initiated by the speedy trial motion will be deemed to have acquiesced in the trial date. *Graham, supra.*

Although the trial court here did not act to reschedule trial until the final day of the statutory period, defendant was present in court, and his failure to object at this juncture signified acquiescence. Accordingly, the trial court properly denied his later motion for discharge under C.R. 4(B).

## II.

Appellant also contends that the trial court erred in refusing his request to change counsel prior to trial. On November 29, 1982, Fink appeared for his initial hearing and informed the court that he intended to employ private counsel. When he reported on December 14 that he was unable to do so, the court appointed a public defender to represent him.

On April 12, 1983, six days before trial was scheduled to commence, defendant filed a pro se motion requesting that the court remove his allegedly ineffective at-

torney. The court at an April 13 hearing denied this motion, which defendant renewed on April 18, the day of the trial. A private attorney retained by defendant's family appeared in court on the trial date and requested a continuance in order to prepare for trial. The court-appointed attorney acceded to this request, noting that the defendant had twice asked that he be removed from the case.

 We find no abuse of discretion in the court's refusal in either instance to remove the public defender assigned to Fink. Although a defendant has an absolute right to be represented by counsel, an indigent defendant is not entitled to absolute choice of counsel. *Luck v. State,* (1984) Ind., 466 N.E.2d 450, *Alexander v. State,* (1983) Ind., 449 N.E.2d 1068. A trial court's denial of defendant's request for a new court-appointed attorney is reviewable only for an abuse of discretion. *Luck, supra; Houze v. State,* (1982) Ind., 441 N.E.2d 1369.

In this case, defendant's initial request that the court remove his public defender contained no indication that he was prepared to hire private counsel; he had previously informed the court that he was unable to do so. Nor does the record before us reveal any prejudice to the defendant. His public defender stated at the trial that while he and his client had some differences, he could still continue to represent the defendant competently. The defendant may not arbitrarily compel dismissal of his competent appointed counsel, *Luck, supra,* and we find no abuse of discretion here.

Appellant also argues that the trial court abused its discretion in refusing to allow him to change counsel on the day of the trial. We note in this regard that requests for change of counsel on the day of trial are per se untimely. *Dixon v. State,* (1982) Ind., 437 N.E.2d 1318. The record reveals, however, that the judge was willing to allow Fink's private attorney to enter the case, but was unwilling to grant a continuance for that purpose. In light of the defendant's repeated insistence upon a speedy trial, the trial court was justified in refusing to grant the continuance sought by defendant's newly-retained attorney. The court may exercise its sound discretion in granting or denying a continuance requested on non-statutory grounds. Ind.Rules of Procedure, Trial Rule 53.5. As noted above, the appellant has shown no prejudice resulting from denial of his request for a continuance in order that a new attorney might prepare his defense, and we find no abuse of the trial court's well-established discretion to deny a motion for continuance and for discharge of counsel on the date of the trial. *Nation v. State,* (1983) Ind., 445 N.E.2d 565; *Vacendak v. State,* (1982) Ind., 431 N.E.2d 100.

The trial court's judgment is affirmed.

MILLER, P.J., and CONOVER, J., concur.