Louis E. JACKSON a/k/a Babo Jackson, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S406.

Supreme Court of Indiana.

Oct. 24, 1985.

Susan K. Carpenter, Public Defender of Ind., David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Louis Jackson was found guilty by a jury in the Jackson Circuit Court of rape, a class A felony, criminal deviate conduct, a class A felony, criminal deviate conduct, a class B felony, and was also found to be an habitual offender. The trial court sentenced him to a term of fifty (50) years on the two class A felonies to be served concurrently, twenty (20) years for the class B felony to be served consecutively to the other sentences, and enhanced the sentence by thirty (30) years for the habitual offender finding, for a total sentence of one-hundred (100) years.

Appellant's arguments present two issues for consideration:

1. whether the trial judge forced ineffective counsel upon Appellant; and

2. whether the sentences are manifestly unreasonable.

The evidence showed the acts of which Appellant was charged were perpetrated upon his fifteen year old daughter. She testified that on November 23, 1982 Appellant awakened her, became belligerent with her, and assaulted her with a belt. He then threatened her with a gun, forced her to disrobe, and ordered her into the bedroom of their mobile home. He forced his daughter to commit oral sex on him and then performed oral sex upon her. He also forced her to have sexual intercourse with him. The following day he again forced her to have oral sex with him. After these incidents Appellant's daughter became frightened and called a girlfriend of her father, who contacted the police. A subsequent rape examination proved positive for the presence of semen in her vagina and cervix. Blood tests conducted on both Appellant and his daughter indicated that both were type ABO type A secretors, and that since no type B antigen was present in the stains taken from his daughter, Appellant could not be ruled out as the source of the semen.

## I

Appellant moved for a change of counsel on the day of trial. The trial court refused the motion and Appellant now claims the trial court abused its discretion in doing so, and that it further resulted in his being tried with ineffective counsel.

On or about January 1, 1983, the trial court appointed a public defender to represent Appellant based on his affidavit that he was a pauper. The record also shows that on May 10, 1983 a pre-trial order was filed which provided in part that the parties had agreed to a trial date of July 11, 1983. It had never been brought to the attention of the trial court that there was any conflict between him and counsel until the morning of July 11, 1983, when Appellant was produced in open court for trial, although counsel had informed the trial court the previous Friday that the two were having difficulty. At the start of trial Appellant immediately objected to being represented by counsel, claiming he had a conflict with him because counsel had been arrested twice for D.U.I., had not prepared

a defense or plan for trial, and had not carried out any of the instructions Appellant had given him to obtain witnesses, depose the victim, and other requests. The court informed Appellant the case was set for trial that day and that he previously had never mentioned any dissatisfaction with counsel. Appellant claimed he had learned of the trial date only on the previous Thursday, but the court found Appellant had been in open court and had been informed of the trial date when the setting was made. The court then advised Appellant that the cause already had been continued on several occasions, and that he would not grant an additional continuance which would be necessary to appoint new counsel. The trial judge indicated he had past experience with this lawyer, and knew him to be competent and able to adequately serve Appellant. He advised Appellant to cooperate with counsel, and further advised him of the difficulties he would find in attempting to represent himself without a lawyer. Appellant stated he would rather go to trial with a lawyer than try the cause himself, but he did not want this particular lawyer. The trial court then advised him he did not have a right to select a lawyer, and he would have to proceed with this lawyer. The court again encouraged Appellant to cooperate with his appointed public defender but Appellant still refused. The court then ordered that the public defender would still stay on with Appellant and that Appellant would be free to examine witnesses and conduct any part of the trial he wished, but that counsel would be available to help him and do anything in the trial that Appellant wished him to do. The trial court then stated:

"If [Appellant], however, feels that he wishes to examine the witnesses himself, if he wishes to go through the jury selection process himself, he may do so himself, but I do want you to be available to answer any questions that he may have and if he chooses not to utilize your services, that is his choice. I understand the Constitution provides that I have the obligation to provide him with an attor-

ney, but if he doesn't want to utilize what is provided, that's his business."

The record shows that Appellant did very little to represent himself or conduct the trial. He made a short opening and closing statement in which he complained to the jury about the incompetence of his lawyer, but did not speak to the facts of the case. His counsel did make opening and closing statements, cross-examine the victim and other State witnesses presented, and object to evidence offered by the State. Counsel did all of this even though Appellant insisted he do nothing in the trial.

■ The trial court properly advised Appellant that he had a right to be represented by counsel, but had no right to counsel of his choosing. If a defendant refuses court-appointed counsel his recourse is to secure his own counsel or to proceed in *propria persona. Luck v. State* (1984), Ind., 466 N.E.2d 450, 451. The defendant may not compel dismissal of court-appointed counsel merely by requesting it. *Fink v. State* (1984), Ind.App., 469 N.E.2d 466, 470. A motion for change of counsel made close to trial which would cause the court to grant a continuance justifies the court in denying the motion as being untimely made. A motion on the day of trial has been held to be *per se* untimely. *Averhart v. State* (1984), Ind., 470 N.E.2d 666, 689, *reh. denied* (1984), *cert. denied* (1985), — U.S. ——, 105 S.Ct. 2051, 85 L.Ed.2d 323; *Fink,* Ind.App., 469 N.E.2d at 470; *Equia v. State* (1984), Ind.App., 468 N.E.2d 559, 565.

■ Appellant's request here was made on the first day of trial without any previous notice to the court by him that there was a problem. A continuance would have delayed a trial which had already suffered several continuances and extensions from December 1, 1982. Appellant's claims against his lawyer were all uncorroborated allegations and all referred to his personal relationship with counsel and his appraisal of what counsel was or was not doing to conduct a proper defense.

Appellant claims he gave counsel instructions to examine certain witnesses and call them for trial, have saliva tests taken of his daughter's boyfriend, and depose his daughter. These are all matters of strategy, the conduct of which counsel and Appellant apparently differed. There is no showing as to what evidence or defense might have been produced by following Appellant's advice, in what way Appellant's chances for acquittal might have been advanced or improved, or to put it another way, in what way Appellant was prejudiced by the course of action his lawyer was taking.

Appellant claims counsel advised him the prosecuting attorney had offered a plea bargain of thirty-five (35) years. Appellant told counsel he did not want to plea bargain but wanted to go to trial on the cause. Immediately prior to trial Appellant was advised that the prosecuting attorney would agree to a plea bargain of twenty-four (24) years, and counsel advised Appellant to accept the offer. There were heated arguments in which Appellant insisted no plea bargain would be accepted, and that he wanted to go to trial on the issues. He now argues that one of counsel's failings was that he spent all of his time on plea bargains which Appellant did not want, and no time on planning a defense. We see little merit to Appellant's arguments here. Appellant faced very serious charges, supported by testimony from the victim and medical evidence that she had been sexually molested. He admits his lawyer advised him that he faced a potential 160 year sentence and that twenty-four years would be a good compromise.

The trial court tried in vain to convince Appellant he would be wise to cooperate with counsel and let him conduct the case rather than resist him as Appellant was doing. Viewing all of the facts and circumstances it appears this was good advice which Appellant should have followed. The trial court did not abuse its discretion in refusing to grant Appellant's motion for a change of counsel and in requiring him to go to trial with the aid of the lawyer appointed him by the court.

Appellant's claim that he received ineffective assistance of counsel is based on

the same claims he made in his motion for change of counsel at the beginning of trial. The shortcomings in counsel's conduct of the trial which Appellant raises at this time again go to his appraisal of how the entire defense should have been planned and the trial conducted. Although he makes many claims of error by counsel, such as counsel's failure to take a statement from the victim or conduct blood or saliva tests on the victim's boyfriend, he fails to point out what evidence could have been adduced by these efforts and how the outcome of the trial would have been changed.

■ In order to show ineffective assistance of counsel, Appellant must establish that counsel's performance was deficient and that such deficiency prejudiced his case. *Elliott v. State* (1984), Ind., 465 N.E.2d 707, 710. Appellant must show that in light of the circumstances the identified acts or omissions of counsel were outside the wide range of professionally competent assistance consistent with elaborated prevailing professional norms. He must further show there is a reasonable probability but for counsel's unprofessional error the result of the proceeding would have been different. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 692–693, U.S. *reh. denied* (1984), —— U.S. ——, 104 S.Ct. 3562, 82 L.Ed.2d 864; *Bieghler v. State* (1985), Ind., 481 N.E.2d 78, 96; *Elliott*, Ind., 465 N.E.2d at 710. Using those standards this Court will not speculate as to what may have been the most advantageous strategy in a particular case, nor will we find that poor strategy in isolated instances necessarily amounts to ineffective counsel.

■ As further grounds for reversal on this issue Appellant claims he attached an affidavit to his Belated Motion to Correct Error which was uncontradicted by the State and therefore must be taken as true by this Court. *Harris v. State* (1981), Ind., 427 N.E.2d 658. In *Harris* we held a party could set forth his specifications for a Motion to Correct Error by citing the same in affidavit form where the error is based on matters outside the record. The properly verified affidavit then becomes part of the record under Ind.R.Tr.P. 59 and Ind.R.

Crim.P. 17. We further provided that if the affidavit is uncontradicted the appellate court must accept its contents as true. *Id.* at 662, *citing Scarborough v. State* (1968), 249 Ind. 316, 322, 232 N.E.2d 592, 596.

In *Harris* an affidavit was filed but alleged only that if an evidentiary hearing was held, the defendant would testify as to his allegations of incompetent representation at trial. We held the affidavit made no presentation of facts upon which the Court could base a judgment. In the present case Appellant's affidavit recited again the claims he had made throughout the trial including his motion for change of counsel, the demands he made upon his lawyer, and his lawyer's failure or refusal to follow that course of conduct. Appellant makes no claims, nor states any facts available from the strategy he suggested which would potentially change the outcome of the case. His claims are uncorroborated statements that he and his lawyer differed as to the defense strategy. Even if we did accept all of his statements in the affidavit as true since they were uncontradicted, the statements present nothing the trial court did not already hear through the trial of the cause, and as such, present no evidence which merits a finding of ineffective assistance of counsel based on the standards outlined above.

## II

Appellant's final allegation of error is that the sentences imposed were manifestly unreasonable. Appellant was found guilty of rape, a class A felony, and two counts of criminal deviate conduct, one a class A felony and the other a class B felony. He was also found to be an habitual offender. Appellant was sentenced to fifty (50) years for each class A felony (the presumptive thirty years aggravated by twenty additional years) to run concurrently, twenty (20) years for the class B felony (the presumptive ten years aggravated by ten additional years), and thirty (30) years enhancement upon being found an habitual offender.

In order to aggravate the sentencing of these offenses the trial judge found an extensive criminal history including numerous convictions for misdemeanors, a conviction for statutory rape, and two possessory offenses (marijuana and LSD). He also found it would depreciate the seriousness of the crime to lessen the sentences; the victim was under sixteen; the victim was Appellant's own daughter; and the offense was not only against women, family, and state, but also one violative of the trust of children in their parents.

■ Appellant disputes his prior conviction for statutory rape. Not only is this contesting untimely, it is also irrelevant since the habitual offender finding was based on his possessory offense convictions. Appellant also argues his past record is "relatively minor" and the two possessory offenses should not be allowed to enhance his current sentence by thirty years. In support of this Appellant points out a recent change in the habitual offender statute which allows a lesser enhancement where the present offense is a drug-related offense and the prior felonies were class D drug possession convictions. See Ind.Code 35–50–2–10 (Burns Supp.1985). This legislation was not in effect until after Appellant's trial, and thus does not control. Furthermore, since the present case does not involve a drug-related offense it does not fit in the new statutory framework.

Appellant maintains that given the facts and circumstances, aggravating all three offenses and making count III consecutive to counts I and II was manifestly unreasonable since nothing in the record indicates the present offenses were any more aggravated than "any similar offense." This logic is circular, as it is reasonable to assume that any similar offense under similar circumstances would also receive an aggravated sentence.

Appellant fails to cite what facts and circumstances support his argument that the sentences were unreasonable. On the other hand, the trial court delineated exactly which facts and circumstances caused it to sentence Appellant as it did. Appellant does not refute any of the trial court's reasoning.

■ The proper sentencing procedure in effect at the time of Appellant's trial was Ind.Code 35–50–2–8 (Burns Supp. 1983) and was properly followed. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev.Sen. 2. Appellant has not met this burden.

For the above-stated reasons the trial court is in all respects affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.