**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Feb 20 2014, 6:59 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**TERI A. FLORY**
Flory and Smith
Lafayette, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**DAVID E. COREY**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN RE THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF L.T.W.B., Minor Child, and S.A.B., Mother, and H.L.B., Father, | ) ) ) ) ) |
| H.L.B., Father, | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 79A02-1307-JT-669 ) |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Petitioner. | ) ) |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Faith A. Graham, Judge
The Honorable Crystal A. Sanders, Magistrate
Cause No. 79D03-1303-JT-24

**February 20, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

H.L.B. (Father) appeals the involuntary termination of his parental rights to L.T.W.B. (Child). He argues the trial court abused its discretion when it denied his motion to continue. We affirm.

## FACTS AND PROCEDURAL HISTORY[1]

Child was born on April 27, 2012, to S.A.B.[2] (Mother) and Father. The Department of Child Services (DCS) became involved with the family because Mother left the hospital without the Child after Child's birth and her whereabouts became unknown. Father visited Child in the hospital, and was advised DCS was investigating Mother's whereabouts. Father submitted to a drug test at that time, and it came back positive for THC, a chemical found in marijuana. On May 2, DCS filed a petition to declare Child a Child in Need of Services (CHINS) based on Mother's abandonment of Child, Father's positive drug screen, the presence of cocaine in Child's meconium at birth, Mother's lack of prenatal care, and Mother's use of drugs three days prior to Child's birth.

On June 15, the juvenile court adjudicated Child a CHINS and ordered Father to refrain from the use of illegal drugs and alcohol, attend all court hearings, obtain and maintain safe housing, obtain and maintain a legal and stable source of income, obey the law,

[1] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order Establishing the Indiana Court Reporting Pilot Project for Exploring the Use of an Audio/Visual Record on Appeal" issued on September 18, 2012, and effective on July 1, 2012. *See* Ind. Supreme Court Case No. 94S00-1209-MS-522. Therefore, the citations to the transcript will be to the "A/V Rec." We acknowledge the ongoing cooperation of the Honorable Faith A. Graham of the Tippecanoe Superior Court and parties' counsel in the execution of this pilot project.

[2] Mother does not participate in this appeal, and we therefore provide facts regarding Mother only as necessary to address Father's arguments.

2

participate in substance abuse assessments and follow all recommendations, participate in mental health assessments and follow all recommendations, participate in parenting assessments and follow all recommendations, submit to random drug screens, participate in visitation with Child, and participate in home-based therapy. Father completed the required assessments, but he did not complete any of the services recommended based on those assessments. He participated in visitation with Child during May 2012, but he did not see Child thereafter. Father was arrested once and convicted twice during the course of the proceedings, he tested positive for cocaine, admitted to using cocaine, and admitted to abusing alcohol.

On March 6, 2013, DCS filed a petition to involuntarily terminate Father's parental rights. The juvenile court held a hearing the same day and appointed counsel for Father. On May 6, Father filed a motion to continue the fact-finding hearing scheduled for May 28 based on a conflict on his counsel's calendar. In that same motion, Father acknowledged the court had discretion to appoint him different counsel in lieu of continuing the case. On May 8, the juvenile court denied Father's motion to continue and appointed him new counsel. Father did not request another continuance, and his counsel participated in the May 28 hearing. On July 2, the juvenile court issued its order involuntarily terminating Father's parental rights.

**DISCUSSION AND DECISION**

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution." *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*. The right to raise one's own child should

not be terminated solely because there is a better home available for the child, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities. *In re K.S.*, 750 N.E.2d 832, 836-37 (Ind. Ct. App. 2001).

Father alleges the trial court abused its discretion when it denied his May 6, 2013, motion to continue. The decision to grant or deny a continuance rests within the sound discretion of the juvenile court. *Rowlett v. Vanderburgh Cnty. Office of Family & Children*, 841 N.E.2d 615, 619 (Ind. Ct. App. 2006), *trans. denied*. We will reverse the court's decision only for an abuse of that discretion. *Id*. An abuse of discretion occurs when the party requesting the continuance has shown good cause for granting the motion and the juvenile court denies it. *Id*. No abuse of discretion will be found when the moving party is not prejudiced by the denial of its motion. *Id*.

Failure to raise an issue before the juvenile court constitutes waiver of that issue on appeal. *Runkel v. Miami County DCS*, 875 N.E.2d 369, 373 (Ind. Ct. App. 2007), *trans. denied*. "In order to properly preserve an issue on appeal, a party must, at a minimum, 'show that it gave the trial court a *bona fide* opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'" *Id*. Waiver based on failure to raise an issue before the lower court applies to issues which may have constitutional implications. *Hite v. Vanderburgh Cnty. OFC*, 845 N.E.2d 175, 180 (Ind. Ct. App. 2006).

Father asked for a continuance based on counsel's unavailability on the hearing date, but his motion also asserted: "In the alternative, as this is an appointed case, the Court has the discretion to appoint a different attorney to handle this matter." (App. at 15.) The

4

juvenile court denied the motion to continue and appointed new counsel. Between May 8 and the hearing date, May 28, Father did not request another continuance. Nor did he request a continuance at the hearing. *See* A/V Rec. 8:41:00-:10 (court asked if there were any preliminary matters and Father indicated there were not). Therefore, the issue is waived because Father did not present it to the juvenile court. Waiver notwithstanding, there was no abuse of discretion.

Father argues the juvenile court abused its discretion when it denied his May 6, 2013, motion to continue because his new counsel, who was appointed at his request and as part of the juvenile court's May 8 order, did not have ample time to "become familiar with all aspects of a year-long case, which included multiple reports, orders, and filings." (Br. of Appellant at 12.) However, Father does not indicate how he was prejudiced by counsel's short time to prepare for the fact-finding hearing. There was overwhelming evidence supporting the involuntary termination of Father's rights - he had failed multiple drug screens, refused to participate in services and visitation, and been arrested twice during the proceedings. Additionally, Father does not allege there were witnesses that should have been called on his behalf or testimony that should have been presented. Father's counsel cross-examined all witnesses during the fact-finding hearing and offered a closing statement giving reasons why termination was not appropriate. Therefore, we cannot say the juvenile court abused its discretion when it denied his motion to continue. *See Fink v. State,* 469 N.E.2d 466, 470 (Ind. Ct. App. 1984) (no abuse of discretion when Fink showed no prejudice resulting from denial of his request for a continuance in order that a new attorney might

5

prepare his defense), *on reh'g*, 471 N.E.2d 1161 (Ind. Ct. App. 1984).[3]

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

---

[3] As Father has not demonstrated he was prejudiced by the denial of his motion to continue, he has also not demonstrated his due process rights were violated.