

FILED

Jan 10 2024, 9:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy W. Kelly,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 10, 2024

Court of Appeals Case No.
23A-CR-1805

Appeal from the Jay Circuit Court

The Honorable Brian D.
Hutchison, Judge

Trial Court Cause No.
38C01-2203-MR-1

**Opinion by Judge May**
Judges Bailey and Felix concur.

**May, Judge.**

[1] Jeremy W. Kelly appeals following his sentencing for Level 2 felony voluntary manslaughter.[1] Kelly raises a single issue on appeal, which is whether the trial court abused its discretion when it denied a morning-of-sentencing motion to replace Kelly's public defender. We affirm.

## Facts and Procedural History

[2] On February 25, 2022, Kelly's father, Gary, was killed in his home. On March 1, 2022, the State charged Kelly with murder[2] and Level 2 felony robbery resulting in serious bodily injury.[3] That same day, the State also filed notice of its intent to seek a habitual offender sentence enhancement.[4] During Kelly's initial hearing, the trial court appointed the Public Defender's Office to represent him. Attorney Aaron Henderson ("Attorney Henderson") appeared to represent Kelly. The trial court scheduled Kelly's trial to begin on June 5, 2023.

[3] On the morning of June 5, 2023, Kelly and the State reached a plea agreement. Kelly agreed to plead guilty to an amended charge of Level 2 felony voluntary manslaughter in exchange for the State's dismissal of the original charges and the habitual offender allegation. The agreement left sentencing to the discretion

---

[1] Ind. Code § 35-42-1-3.

[2] Ind. Code § 35-42-1-1(2).

[3] Ind. Code § 35-42-5-1(a)(2).

[4] Ind. Code § 35-50-2-8.

of the trial court, but for an acknowledgement that Kelly's sentence would "be served consecutively to Wayne County Case 89C01-2202-F4-000007." (Appellant's App. Vol. 2 at 78.)   The agreement also included an acknowledgement of the rights being waived by pleading guilty, an acknowledgment of Kelly's "satisfaction with defense counsel's representation and competency[,]" (*id*.), a waiver of the right to challenge the sentence imposed, and a waiver of the right to appear in person, rather than by video, for the sentencing hearing.

[4]     The trial court held a change of plea hearing that same day.  The trial court advised Kelly of the rights he was waiving by pleading guilty, and Kelly confirmed that he understood and still wished to plead guilty to voluntary manslaughter.  The State provided a factual basis for the plea, and Kelly admitted those facts were true.  The trial court accepted Kelly's plea and, on the State's motion, dismissed the original charges.  The trial court ordered preparation of a presentence investigation report and set the sentencing hearing for July 14, 2023.

[5]     On July 13, 2023, Kelly, who was still represented by Attorney Henderson, filed a pro se motion to withdraw his guilty plea.  In that motion, he asserted the plea should be withdrawn because he received ineffective assistance of counsel and because the "Plea was entered under duress[.]" (*Id*. at 113.)  On July 14, 2023, as the trial court was calling the sentencing hearing to order, Kelly announced "I object." (Tr. Vol. 2 at 14.)  The trial court admonished Kelly to not interrupt, finished calling the trial court to order, and then invited

Attorney Henderson to address the trial court. The following discussion ensued:

> Mr. Henderson: Your Honor, given the events of the last 24 hours I feel that it is necessary that I ask this Court to remove me as the attorney of record. I did go to the jail to speak with Mr. Kelly yesterday, [to] present him with his pre-sentence investigation report. He refused to meet with me and help prepare for today's sentencing hearing. And then later yesterday he filed a document with this Court requesting to withdraw his guilty plea with several allegations against me, including some ethical violations that he believes are accurate. I do not believe there is a basis for them but given those events I believe that I can no longer adequately represent him in this matter.
>
> The Court: Okay. Mr. Kelly do you want to represent yourself at sentencing?
>
> Mr. Kelly: No sir. I just need time to prepare a brief to (inaudible) and I need to have–get to be appointed an attorney to do that for me or give me time to do that.
>
> The Court: What's the State's position here?
>
> [State]: I'll leave it to your discretion Judge.
>
> The Court: As far as the motion to withdraw the guilty plea, it's not in proper form. I don't see any substantial injustice. It just seems like a lot of complaints about counsel. So the court is going to deny that pro se motion, even though I shouldn't even consider it because he has counsel. Sentencing is going to happen today Mr. Kelly. Do you want to represent yourself, and I wouldn't advise it, or do you want Mr. Henderson to represent you?

Mr. Kelly:  I do not wish to have Mr. Henderson represent me and do not wish to represent myself.

The Court:  Well I only gave you two choices.

Mr. Kelly: I object.

The Court: I understand.  I'm overruling objection.  Which choice would you like to proceed with?

Mr. Kelly:  I'm not going to make the choice sir.

The Court:  Alright.  Mr. Henderson you're [sic] motion to withdraw is—is denied.

(*Id*. at 14-15.)

[6]     The trial court then continued with the sentencing hearing.  Attorney Henderson indicated he was unable to present evidence on behalf of Kelly because Kelly would not speak with him to plan.  As the State argued for a thirty-year executed sentence, Kelly interrupted to say he could "not continue with the—without counsel.  Proper counsel." (*Id*. at 17.)  The trial court told Kelly: "You have counsel here sir." (*Id*.)  At that time, Kelly left the video call, and the trial court indicated it would finish his sentencing in absentia.  Attorney Henderson argued for a sentence shorter than the thirty years recommended by the State and for a sentence that would provide an "opportunity for rehabilitative treatment through an alternative means." (*Id*. at 18.)  The trial court cited Kelly's criminal history, his juvenile adjudications, his high risk of

reoffending, and "the heinous nature" of Kelly's crime against his father, as support for imposing the maximum thirty-year sentence. (*Id.*) The trial court's written sentencing order indicated the court had not reached the merits of Kelly's pro se motion: "Court does not typically entertain pro se pleadings when Defendants are represented by counsel. However, the motion is not in proper form therefore it is denied." (Appellant's App. Vol. 2 at 116.)

# Discussion and Decision

[7] Kelly alleges the trial court abused its discretion when it failed to remove Attorney Henderson and assign a new public defender. Before addressing Kelly's argument, we must address the State's cross-appeal argument that we should dismiss Kelly's appeal because "Kelly improperly seeks reversal of his conviction[,]" (State's Br. at 7), which the State asserts is relief that cannot be sought on direct appeal after a guilty plea. The State's legal argument is correct – a conviction entered pursuant to a guilty plea cannot be challenged on direct appeal, *see Davis v. State*, 217 N.E.3d 1229, 1234 (Ind. 2023) ("if Davis wishes to challenge his guilty plea, he cannot do so through this direct appeal") – but the State's application of that law to Kelly is misplaced.

[8] Kelly has not asked us to overturn his plea agreement. (*See* Br. of Appellant at 5) (noting the trial court did not address the merits of his motion to withdraw his guilty plea because it was "unverified"). Nor did the trial court take evidence regarding Kelly's motion to withdraw his plea or address that motion on its merits. (Appellant's App. Vol. 2 at 116) (court order indicated it denied

Kelly's motion because it was not in proper form, rather than on the merits); *and see* Ind. Code § 35-35-1-4(b) (motion to withdraw guilty plea between entry of plea and sentencing must be in writing and verified). Nor could Kelly raise that issue in this appeal given his failure to file a verified motion. *See Carter v. State*, 739 N.E.2d 126, 128 n.3 (Ind. 2000) ("A defendant's failure to submit a verified, written motion to withdraw a guilty plea generally results in waiver of the issue of wrongful denial of the request."). Instead, Kelly asks us to void his sentencing and remand for assignment of new counsel to assist him with filing a proper motion to withdraw his guilty plea. Accordingly, we reject the State's invitation to dismiss Kelly's appeal of the procedural decision the trial court made on the morning of sentencing.

[9] To reiterate, Kelly challenges only the trial court's refusal to replace Attorney Henderson on the morning of sentencing.[5] The Sixth Amendment of our Federal Constitution guarantees the right to counsel in criminal cases. *Bowie v. State*, 203 N.E.3d 535, 543 (Ind. Ct. App. 2023), *trans. denied*. Nevertheless, "an indigent criminal defendant is not entitled to the public defender of his choice." *Id*. at 545 (citing *U.S. v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006)). When a request for a new court appointed attorney is made, a trial court may deny that

---

[5] Kelly analogizes his case to *Martin v. State*, 588 N.E.2d 1291 (Ind. Ct. App. 1992), in which this court remanded for appointment of counsel to assist Martin following the denial of his petition for post-conviction relief. We find *Martin* distinguishable, however, because Martin, whose proceedings had been delayed due to his mental illness, was forced to proceed without counsel during a time when he was exhibiting signs of delusional thinking. The record before us contains no indication that Kelly has a mental illness and he proceeded to sentencing with the assistance of counsel.

request "in the exercise of its sound discretion[.]" *Luck v. State*, 466 N.E.2d 450, 451 (Ind. 1984). We review the trial court's ruling for an abuse of discretion. *Id.*

[10] Here, although Attorney Henderson asked to be removed as Kelly's counsel, the trial court was not required to grant that motion on the morning of sentencing. *See id.* (decision left to trial court discretion). Nor was the trial court required to remove Attorney Henderson based on Kelly's last-minute expression of displeasure with Attorney Henderson and his guilty plea. Trial courts have an obligation to move cases forward, and six weeks had passed between Kelly's change of plea hearing and his sentencing. Nevertheless, Kelly waited until the morning of the sentencing hearing to express his displeasure with his appointed counsel. "We have several times reiterated our approval of the denial of a defendant's motion to replace counsel during or immediately before trial." *Luck*, 466 N.E.2d at 451. We see no logical reason why the same rule should not apply when Kelly wishes to avoid a sentencing hearing.

[11] If Kelly wishes to challenge the validity of his plea agreement, he may do so via a post-conviction petition pursuant to Indiana Code section 35-35-1-4(c), at which time Kelly will have a chance to prove that he received ineffective assistance of counsel or that he did not knowingly and voluntarily plead guilty, *see, e.g.*, *Davis*, 217 N.E.3d at 1234-35 ("if Davis can prove in post-conviction proceedings that he did not knowingly and voluntarily waive his right to appeal, then his conviction can be vacated"), and accordingly Kelly cannot demonstrate he has been prejudiced by the trial court's refusal to change his counsel. For all

these reasons, we hold the trial court did not abuse its discretion when it refused to remove Kelly's counsel on the morning of sentencing.

## Conclusion

[12] The trial court did not abuse its discretion when it refused to grant Attorney Henderson's motion to withdraw on the morning of the sentencing hearing. As Kelly has raised no other allegation of error on appeal, we affirm his conviction and sentence.

[13] Affirmed.

Bailey, J., and Felix, J., concur.